UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHERMAN MORISSETTE,
   Plaintiff,

vs.                             No. 07-1159

MARK LOCKE, et al.,
   Defendants.

## ORDER

On July 20, 2007, the court conducted a merit review of the plaintiff's complaint. *See* July 20, 2007 Court Order. The plaintiff, a pro se prisoner, had filed his complaint pursuant to 42 U.S.C. §1983, § 1985 and §1986 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff had also filed a motion to proceed *in forma pauperis.*

The court noted that the plaintiff had already accumulated three strikes pursuant to 28 U.S.C. § 1915(g) and his complaint did not meet the imminent danger exception.[1] Therefore, the court denied the plaintiff's motion to proceed *in forma pauperis* and instructed the plaintiff to pay the filing fee in full within two weeks. *See* July 20, 2007 Court Order.

The plaintiff has now filed a letter with the court that has been docketed as a motion to voluntarily dismiss is lawsuit. [d/e 15] The plaintiff is asking the clerk of the court to dismiss his claims, return his papers and refund the $3.01 he already paid towards the filing fee. The motion is denied. [d/e 15, 16]. The only reason stated for dismissing his case is the plaintiff's desire to have his money refunded. Once the plaintiff decides to file a complaint in federal court, he must pay the filing fee in full whether his motion to proceed *in forma pauperis* is granted or not. The court cannot waive this fee. In addition, allowing the plaintiff's motion to dismiss will not dispense with the plaintiff's obligation to pay the filing fee. He will still owe the $350 fee in full.

The deadline for paying the filing fee has long since passed. The plaintiff's case will be dismissed for failure to pay this fee.

IT IS THEREFORE ORDERED that:

1) The plaintiff's motion to dismiss his case and refund his money is denied. [d/e 15, 16]

2) The plaintiff's case is dismissed without prejudice for failure to pay the filing fee.

---

[1] The plaintiff had accumulated strikes in 94-1055, *Morissette v. Lowery* and 94-19, *Morissette v. Godinez* in the Central District of Illinois*;* and 94-611 *Morissette v. Springborn* in the Northern District of Illinois. In addition, the plaintiff has likely accumulated strikes during the appeals of his 8 other cases filed in Illinois District Courts.

3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher.  Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory  fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

ENTERED this _____1st_____ day of October, 2007.

                                                              **s\Harold A. Baker**
                                            _____

                                            HAROLD A. BAKER
                                            UNITED STATES DISTRICT JUDGE